

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00064-CV

---

JERRY DWAYNE LEE, JR.                                                    APPELLANT

V.

DANELLE CHARLENE LEE                                                    APPELLEE

----------

FROM THE 97TH DISTRICT COURT OF CLAY COUNTY
TRIAL COURT NO. 2012-0063C-CV

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerry Dwayne Lee, Jr. appeals from the trial court's summary judgment for Appellee Danelle Charlene Lee. Because we hold that the agreed spousal maintenance in the parties' agreed decree is not court-ordered spousal

---

[1]*See* Tex. R. App. P. 47.4.

maintenance under chapter 8 of the family code, we affirm the trial court's judgment.

On May 10, 2012, Jerry and Danelle's divorce hearing occurred. Jerry represented himself, was present, and "agreed to the terms of th[e] [d]ivorce [d]ecree." Danelle, who also apparently represented herself, was not present but had signed a waiver of service and had already signed the decree, "agreeing to [its] terms." No court reporter recorded the hearing because Jerry, Danelle, and the trial judge all "agreed to not make a record." The agreed decree contains the following provision:

**11.    Spousal Maintenance**

***The parties request that this court award maintenance to [Danelle] in the amount of $2000.00 per month for 60 months*** for the following reasons:

Support and care.

In addition, [Danelle] lacks the property and earning ability in the labor market to adequately provide for . . . her own reasonable needs.

THEREFORE, THE COURT ORDERS that Petitioner pay to Respondent for spousal maintenance the sum of $2000.00 per month. Maintenance shall be paid monthly for 60 months. The first maintenance payment shall be due on Thursday, May 10, 2012. ***The obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.*** All payments shall be made to any address designated in writing by the recipient. [Emphasis added.]

On the last page of the eight-page decree, after the trial judge's signature, the parties affixed their signatures to indicate their agreement "to the terms of this Decree."

Less than fifteen months later, Jerry filed a "Motion to Terminate Maintenance Obligation" under section 8.056 of the family code because Danelle was cohabitating "with another person with whom [she] ha[d] a dating or romantic relationship in a permanent place of abode on a continuing basis." Danelle, who did not contest that she was cohabitating with a romantic partner in a permanent place of abode on a continuing basis,[2] filed a motion for summary judgment, contending that she

> [wa]s entitled to summary judgment as a matter of law because the divorce decree is a contractual agreement to spousal maintenance and not Court Ordered Spousal Maintenance under Chapter 8 of the Family Code. In the Divorce Decree, that is agreed to by the parties, the parties request the court to award maintenance in the amount set forth in the decree. The Decree is a confirmation of the parties' agreement and is contractual, as a debt, in nature. In *Kee v. Kee*, S.W.3d 812, 814[] (Dallas 2010), the Court stated that "Chapter 8 does not apply to an alimony provision in a divorce decree that restates a parties' contractual agreement for alimony." The decree only provides two ways in which the obligation to pay support terminate[s]:
>
> a. The death of either party; or
>
> b. The remarriage of the party receiving maintenance.

---

[2]*See* Tex. R. App. P. 38.1(g).

The trial court granted Danelle's motion for summary judgment, from which Jerry appeals.

In three issues, Jerry contends that the agreed spousal maintenance is nevertheless spousal maintenance governed by chapter 8 of the family code, that the agreed spousal maintenance is not contractual alimony, and that his pleadings raise a genuine issue of material fact by alleging Danelle's cohabitation with another man.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[3] We review a summary judgment de novo.[4] We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.[5] We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[6] A

---

[3]Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

[4]*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[5]*Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848.

[6]*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[7]

Although the agreed maintenance award has some common elements with court-ordered spousal maintenance under chapter 8 of the family code, in that (1) the award's duration and amount do not exceed the stated, statutory maximums for court-ordered maintenance,[8] (2) the decree provides that the maintenance awarded is for Danelle's "[s]upport and care," and (3) the decree also provides that she "lacks the property and earning ability in the labor market to adequately provide for . . . her own reasonable needs,"[9] there is no indication in the record that the trial court considered *all* of the statutory factors in determining maintenance.[10] The record likewise does not reveal any evidence that Danelle (who was absent from the hearing) overcame the presumption against maintenance,[11] or, by awarding maintenance for sixty months as the parties requested, that the trial court followed the statutory requirement to "limit the

---

[7]*Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

[8]*See* Tex. Fam. Code Ann. §§ 8.054(a)(1), .055(a)(1) (West Supp. 2014).

[9]*See id.* §§ .051(2)(B), .052(1), (4), (8); *see also* § 8.001(1) (West 2006).

[10]*See id.* § 8.052 ("A court that determines that a spouse is eligible to receive maintenance under this chapter shall determine the nature, amount, duration, and manner of periodic payments by considering all relevant factors . . . .").

[11]*See id.* §8.053.

5

duration of a maintenance order to the shortest reasonable period that allows the spouse seeking maintenance to earn sufficient income to provide for the spouse's minimum reasonable needs[.]"[12]

Further, despite Jerry's attempt to distinguish contractual alimony provided in an agreement incident to divorce or partition and exchange agreement from the spousal maintenance agreement he entered into with Danelle as part of the agreed decree of divorce, that the agreed spousal support is part of the decree and not incident to it is not relevant to our treatment of the decree as a binding contract. "An agreed divorce decree, such as the one in this case, is a contract subject to the usual rules of contract construction."[13] As we have previously explained,

> Our primary concern when interpreting an agreement is to ascertain and give effect to the intent of the parties as it is expressed in the agreement. We examine the writing as a whole in an effort to harmonize and give effect to all the provisions so that none will be rendered meaningless. If the agreement can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe it as a matter of law.[14]

The agreed decree provides two ways to terminate the agreed spousal maintenance obligation: death and remarriage. It does not provide that

---

[12]*Id.* § 8.054.

[13]*In re W.L.W.*, 370 S.W.3d 799, 804 (Tex. App.—Fort Worth 2012, orig. proceeding).

[14]*Chafin v. Isbell*, No. 02-10-00007-CV, 2011 WL 946653, at *4 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op. on reh'g) (citations omitted).

6

Danelle's cohabitation with another could terminate Jerry's obligation. The decree is not ambiguous; we therefore hold that the trial court correctly granted Danelle's motion for summary judgment as a matter of law. Accordingly, we overrule Jerry's three issues and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  February 12, 2015