

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00326-CV

MICHAEL ALLEN O'SHEA                                      APPELLANT

V.

THE STATE OF TEXAS                                         APPELLEE

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On August 15, 2011, the trial court signed a bond forfeiture judgment against Appellant Michael Allen O'Shea, who then filed a notice of appeal. On September 8, 2011, the trial court signed an order granting a new trial and then signed an order of dismissal on the State's motion for nonsuit.

On September 19, 2011, we sent appellant a letter with regard to the trial court's order granting his motion for new trial, stating that unless he filed a

---

[1]*See* Tex. R. App. P. 47.4.

response stating grounds for continuing the appeal, we would dismiss the appeal as moot.  And on October 25, 2011, we sent appellant another letter, this time informing him of our concern that we lacked jurisdiction over the appeal because the trial court's order granting the State's motion for nonsuit did not appear to be an appealable order.  We stated that unless appellant or any party desiring to continue the appeal filed with the court on or before November 4, 2011, a response showing grounds for continuing the appeal, we would dismiss the appeal for want of jurisdiction.  Having received no response, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (stating that a nonsuit renders the merits of the nonsuited case moot); *see also City of Dallas v. Albert*, No. 07-0284, 2011 WL 3796339, at *5 (Tex. Aug. 26, 2011) (stating that when a claim is nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost).

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  December 1, 2011

2