02-11-326-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-11-00326-CV

 

 


 
 
 MICHAEL ALLEN O’SHEA
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE
367TH DISTRICT COURT OF DENTON COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          On August 15, 2011, the trial court signed a
bond forfeiture judgment against Appellant Michael Allen O’Shea, who then filed
a notice of appeal.  On September 8, 2011, the trial court signed an order
granting a new trial and then signed an order of dismissal on the State’s
motion for nonsuit.

          On September 19, 2011, we sent appellant a
letter with regard to the trial court’s order granting his motion for new
trial, stating that unless he filed a response stating grounds for continuing
the appeal, we would dismiss the appeal as moot.  And on October 25, 2011, we
sent appellant another letter, this time informing him of our concern that we
lacked jurisdiction over the appeal because the trial court’s order granting
the State’s motion for nonsuit did not appear to be an appealable order.  We
stated that unless appellant or any party desiring to continue the appeal filed
with the court on or before November 4, 2011, a response showing grounds for
continuing the appeal, we would dismiss the appeal for want of jurisdiction. 
Having received no response, we dismiss the appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f); Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010) (stating that a nonsuit renders the merits of the
nonsuited case moot); see also City of Dallas v. Albert, No. 07-0284,
2011 WL 3796339, at *5 (Tex. Aug. 26, 2011) (stating that when a claim is
nonsuited, the controversy as to that claim is extinguished, the merits become
moot, and jurisdiction as to the claim is lost).

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.         

 

DELIVERED:  December 1, 2011









[1]See
Tex. R. App. P. 47.4.