

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00221-CV

BRYAN GAYDOS                                                                    APPELLANT

V.

BANK OF AMERICA, N.A.                                                           APPELLEE

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-267821-13

----------

## MEMORANDUM OPINION[1]

----------

Appellant Bryan Gaydos appeals the trial court's grant of summary judgment against him on his claims against appellee Bank of America, N.A. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

In January 2008, Gaydos executed a note in favor of Bank of America to purchase real property in Fort Worth, secured by a deed of trust.  Gaydos later defaulted on his mortgage payments.  In March and July 2010, Bank of America's attorney filed two appointments of substitute trustee.  Bank of America foreclosed on Gaydos's property on August 3, 2010 and sold the property to Federal National Mortgage Association (Fannie Mae).

Gaydos, Bank of America, and Fannie Mae entered into an agreement to rescind the foreclosure so that Gaydos could cure his default and keep his home.  Gaydos executed a rescission deed and agreed that the foreclosure had been in compliance with the property code.  Gaydos remained in default, and Bank of America again began foreclosure proceedings.

To prevent foreclosure, Gaydos sued Bank of America for (1) violations of the Texas Debt Collection Act and the Property Code, (2) filing a fraudulent lien instrument, (3) breach of contract, and (4) wrongful foreclosure, and (5) to quiet title.  Bank of America filed a motion for summary judgment on all of Gaydos's claims, which the trial court granted after a hearing.  Gaydos then filed this appeal.

## Standard of Review

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the

2

nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

**Discussion**

**1. Bank of America's summary judgment evidence**

In part of Gaydos's first point, he objects to an affidavit by Shalini Parker that Bank of America attached to its motion for summary judgment. Specifically, he complains that Parker "avers no personal knowledge," "claims no actual examination of a document or record, only vouching for electronic copies maintained by B[ank of America]," and "makes no claim of custody of any of the referenced documents by B[ank of America] on the basis of . . . having actually examined the document itself."

We review the trial court's rulings concerning the admission or exclusion of evidence for an abuse of discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is

3

arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Parker's affidavit states, in part,

> 2. In my capacity as AVP, Operations Team Lead for Bank of America, I have access to the book and records of Bank of America pertaining to the mortgage at issue in this matter.
>
> 3. The documents, attached hereto . . . , are true and correct copies of records that are kept or have been obtained by Bank of America in the ordinary course of business. It was in the regular course of business for an employee or representative of Bank of America who had knowledge of the act, event, condition, or opinion recorded, to transmit information to be included in such record. The record was made at or near the time of the act, event, condition, or opinion recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.

The rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator, be an employee of the same company as the creator, or have personal knowledge of the contents of the record—personal knowledge of the manner in which the records were kept will suffice. *See* Tex. R. Evid. 803(6), 902(10); *see also In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (explaining that witness laying predicate for admission of a document under business-records exception need only have knowledge of how the records were prepared). Parker averred knowledge of the manner of Bank of America's recordkeeping and that an employee with knowledge of the act or event made the record; such statements substantially comply with the business-records exception. *See* Tex. R. Evid. 803(6), 902(10); *Obgomo v. Am. Homes 4 Rent Properties*

4

*Two, LLC*, No. 02-14-00105-CV, 2014 WL 7204552, at *3 (Tex. App.—Fort Worth Dec. 18, 2014, no pet. h.) (mem. op.); *see also Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *4 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.) (noting that affiant was not required to examine original documents for purposes of making an affidavit and that it was sufficient for affiant to aver that attached records were exact duplicates of the originals). We therefore overrule that part of Gaydos's first point regarding Bank of America's summary judgment evidence.

**2. Recorded power of attorney**

In the remainder of his first point, Gaydos contends that the trial court erred by granting summary judgment because he presented sufficient evidence on his claims to raise a fact issue on each of his claims. He premises his argument largely on his claim that the appointments of substitute trustees were invalid. His second point also concerns the validity of the appointments. Gaydos claims that the appointments were not "sufficiently supported by a recorded power of attorney." He cites to section 489 of the former probate code (now codified as section 751.151 of the estates code), which requires a durable power of attorney for any real property transaction requiring an instrument to be recorded. *See* Tex. Est. Code Ann. § 751.151 (West 2014).

A durable power of attorney is a written instrument that designates another person as attorney in fact or agent, is signed by an adult principal, and contains words that "show the principal's intent that the authority conferred on the attorney

in fact or agent shall be exercised notwithstanding the principal's subsequent disability or incapacity." *Id.* § 751.002 (West 2014). We fail to see how a statute in the probate code relating to a person's disability or incapacitation is applicable to a bank's actions under the property code. *See id.* § 22.016 (West 2014) (defining an incapacitated person as a minor or "an adult who, because of a physical or mental condition, is substantially unable to: (A) provide food, clothing, or shelter for himself or herself; (B) care for the person's own physical health; or (C) manage the person's own financial affairs; or . . . must have a guardian appointed for the person to receive funds due the person from a governmental source").

The property code states, "A mortgagee or mortgage servicer may make an appointment or authorization [of a substitute trustee] by power of attorney, corporate resolution, or other written instrument." Tex. Prop. Code Ann. § 51.0075 (West 2014). The code does not require a power of attorney, much less a durable power of attorney, to be recorded for an appointment of a substitute trustee to be valid. *See Covarrubias v. U.S. Bank, Nat'l Ass'n*, No. 3:13-CV-3002-B, 2015 WL 221083, at *4 (N.D. Tex. Jan. 15, 2015) ("Defendants correctly assert that a power of attorney such as the one executed between BOA and U.S. Bank need not be recorded to give effect to an assignment or appointment affecting a real property interest."); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 862 (N.D. Tex. 2013) ("The Deed does not mandate that appointment of a substitute trustee be recorded.

6

Likewise, the Texas Property Code contains no such requirement."); *Gillespie v. BAC Home Loans Servicing, LP*, No. 4:11-CV-388-A, 2013 WL 646383, at *6 (N.D. Tex. Feb. 21, 2013) ("The plain language of the Property Code does not indicate the existence of any requirement that the appointment of a substitute trustee be recorded to be valid, and courts interpreting the provisions have not found such a requirement."). The deed of trust in this case also allows for the appointment of a substitute trustee "without the necessity of any formality other than a designation by Lender in writing." Thus, we overrule Appellant's points to the extent they are premised on invalid appointments.

### 3. Bank of America's status as a mortgagee

In part of his first point, Gaydos argues that Bank of America "had no more arguable relationship to the Loan" after "a merger of record title via the Trustee's Deed." We interpret his argument to be that the rescission of the substitute trustee's foreclosure sale to Fannie Mae was ineffective. Gaydos relies on *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ), for his contention that a trustee cannot rescind a sale. However, in *Bonilla*, the substitute trustee attempted to rescind the foreclosure sale without the debtor's knowledge or consent. *Id.* at 20. In this case, Gaydos, Bank of America, and Fannie Mae all agreed to rescind the sale. *Cf. Lopez v. Countrywide Mortg.*, No. CIV. A. C-06-116, 2007 WL 2455292, at *2 (S.D. Tex. Aug. 24, 2007) (comparing that case to *Bonilla*, noting that there was no evidence that Lopez "agreed, or was even aware, of the rescission putting title

7

back in his name," and citing *Williams v. Countrywide Home Loans, Inc.*, 2007 WL 2076960, at *14 (S.D. Tex. 2007), for proposition that parties may agree to rescind the foreclosure sale). *Bonilla* is therefore inapplicable to the instant case, and we overrule the remainder of Gaydos's points.

### Conclusion

Having overruled Gaydos's two points on appeal, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  April 2, 2015

8