# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00376-CV

**Laverne Stanley and Anthony Passeur, Appellants**

**v.**

**Wells Fargo Bank, N.A.; MERSCORP Holdings, Inc.; Mortgage Electronic Registration Systems, Inc.; and Gwen Alden, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 14-0516-C277, HONORABLE STACEY MATHEWS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this appeal concerning the nonjudicial foreclosure of residential property pursuant to a mortgage deed of trust, appellants Laverne Stanley and Anthony Passeur challenge the district court's order granting the motion for summary judgment of appellees Wells Fargo Bank, N.A., MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., and Gwen Alden. For the following reasons, we affirm.[1]

## BACKGROUND

In 2002, appellant Laverne Stanley signed a promissory note and deed of trust to purchase residential property. Appellant Anthony Passeur co-signed the deed of trust. The deed of

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

trust is assignable and defines the "Lender" to include "WR Starkey Mortgage, L.L.C." (the original lender) and "any holder of the Note who is entitled to receive payments under the Note." The deed of trust also identifies appellee Mortgage Electronic Registration Systems, Inc. (MERS) and states that (i) "MERS is acting solely as nominee for Lender and Lender's successors and assigns," and (ii) "The beneficiary of this Security Agreement is MERS (solely as nominee for Lender and Lendor's successors and assigns) and the successor and assigns of MERS."[2] The deed of trust further provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property."

Stanley failed to make required payments under the note and was in default in November 2011. At that time, appellee Wells Fargo was the mortgage servicer for the loan, and MERS had executed an assignment of the note and deed of trust to Wells Fargo.[3] In 2012, after Wells Fargo appointed a substitute trustee, the substitute trustee conducted a foreclosure sale on the property. Shortly thereafter, Stanley and Passeur sued appellees asserting multiple claims, including void foreclosure, suit to quiet title, invalid appointments of the substitute trustees, and violation of section 12.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code

---

[2] According to appellees, MERS is a wholly owned subsidiary of appellee MERSCORP Holdings, Inc. "The MERS system is 'an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans.'" *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506, at *3 n.2 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) (citation omitted).

[3] Appellee Gwen Alden, in her role as an assistant secretary for MERS, signed the assignment of the deed of trust from MERS to Wells Fargo.

§ 12.002 (addressing liability related to use of documents or other records with knowledge of fraudulent claims against real property).

Appellees moved for summary judgment on Stanley and Passeur's claims against them, presenting multiple grounds for traditional summary judgment supported by evidence and for no-evidence summary judgment. *See* Tex. R. Civ. P. 166a(c), (i). Relevant to this appeal, appellees asserted that Wells Fargo was authorized to enforce the deed of trust as the mortgage servicer, the holder of the note, and the assignee of the deed of trust. Appellees' evidence included declarations by representatives of Wells Fargo, the note, and certified copies of: (i) the deed of trust, (ii) the assignment of note and deed of trust dated June 3, 2010, (iii) the assignment of deed of trust dated July 29, 2011, (iv) the appointment of substitute trustee dated September 28, 2012, and (v) the substitute trustee's deed dated October 24, 2012. Stanley and Passeur filed a competing motion for partial summary judgment, challenging the foreclosure and the assignment of the deed of trust and appointment of substitute trustees. The district court granted appellees' motion without specifying the reasons for its ruling and severed Stanley and Passeur's claims against appellees. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). When the trial court does not specify the grounds for granting

3

the motion, as is the case here, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

**DISCUSSION**

In three issues, Stanley and Passeur challenge the district court's summary judgment in favor of appellees.[4] They argue that this Court should not uphold the assignment of the deed of trust from MERS to Wells Fargo and that this Court should overrule its decision of *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.). In that case, MERS was the nominee for the lender under the deed of trust, and we concluded that the assignment of the deed of trust from MERS to another entity was valid. *See id.* at *2, 13–14.

Resolution of this appeal in favor of Stanley and Passeur, as they acknowledge by the issues that they raise, would require us to disregard this Court's opinion in *Bierwirth*. *See id.* at *18 (concluding that MERS's assignee was beneficiary under deed of trust and entitled to pursue nonjudicial foreclosure under terms of deed of trust and section 51.002 of Property Code); *see also* Tex. Prop. Code § 51.002 (addressing sale of real property under contract lien). We decline to do so. *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court

---

[4] Stanley and Passeur also bring a fourth issue addressing attorney immunity, apparently challenging a separate order that granted summary judgment in favor of two attorney defendants in the district court's cause number 13-0768-C277, the original cause number before the severance of the claims against appellees into cause number 14-0516-C277. In a prior order, we dismissed this appeal to the extent it challenges the summary judgment ruling as to those defendants. Thus, we do not address appellants' fourth issue.

4

sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court."); *see also* Tex. R. App. P. 41.2(c) (noting that en banc consideration is disfavored).

Further, another ground asserted by appellees in their motion for summary judgment was that, regardless of the validity of MERS's assignment to Wells Fargo, Wells Fargo was authorized to enforce the deed of trust as the holder of the note. To negate this ground, Stanley and Passeur take the position, as they must, that Wells Fargo is not the holder of the note. The record reflects that W.R. Starkey endorsed the note to Wells Fargo Home Mortgage, Inc., and Stanley and Passeur urge that there is no evidence that Wells Fargo is the same entity as Wells Fargo Home Mortgage, Inc. The summary judgment evidence, however, included declarations from a representative of Wells Fargo that "Wells Fargo is the successor by merger to Wells Fargo Home Mortgage, Inc.," and that "Wells Fargo is the mortgage servicer for the Loan." *See* Tex. Prop. Code § 51.001(3) ("'Mortgage servicer' means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer."); *see also id*. § 51.0025 (authorizing administration of foreclosure by mortgage servicer).

The deed of trust defines "Lender" to include "any holder of the Note who is entitled to receive payments under the Note." *See* Tex. Bus. & Com. Code § 1.201(b)(21)(A) (defining "holder" as including "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"). Thus, in its capacities as the holder of the note and the mortgage servicer, Wells Fargo falls within the definition of "Lender" in the deed

5

of trust. *See id.*; *see also* Tex. Prop. Code § 51.001(3). As a "Lender," the deed of trust expressly grants Wells Fargo the right to enforce the deed of trust, including the right to foreclose and sell the property.

Because appellees asserted a meritorious ground in their motion for summary judgment, we must uphold the district court's ruling in their favor. *See Knott*, 128 S.W.3d at 216.

**CONCLUSION**

Having concluded that the district court did not err in granting summary judgment in favor of appellees, we overrule appellants' issues and affirm the district court's judgment.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 25, 2015

6