

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00058-CV

IN THE INTEREST OF C.C. AND
S.C., CHILDREN

----------

### FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 324-540605-13

----------

## MEMORANDUM OPINION[1]

----------

Appellee Mother filed a motion to dismiss Appellant Father's appeal. We grant the motion and dismiss the appeal for the reasons set forth below.

Since the parties' divorce in 2004, they have engaged in considerable litigation over the conservatorship and possession of their children and child support. *See In re C.H.C.*, 396 S.W.3d 33, 39, 52–53 (Tex. App.—Dallas 2013, no pet.) (observing that the parties had "repeatedly litigated almost all aspects of their parental relationship . . . each [having] spent many hundreds of thousands

---

[1]*See* Tex. R. App. P. 47.4.

of dollars litigating conservatorship and possession of the children since they filed for divorce in 2003"). A mediated settlement agreement between the parties in 2010 provided that they "agreed that before either parent could file a new suit against the other parent, other than an enforcement action, the suing parent would be required to post $100,000, half of which would be disbursed immediately to the parent who had not brought the suit," and the trial court approved and adopted that agreement while adding an exception for an "emergency suit alleging imminent danger of a child," and an exemption for, among other things, the first time Mother filed a motion to modify child support and medical reimbursement. *Id.* at 39–40, 51–52. Our sister court concluded that the $100,000 bond requirement was not void as against public policy for a variety of case-specific reasons then before it, and its mandate became final on June 20, 2013. *Id.* at 51–53.

In 2013, Mother sought to modify the 2010 order in Tarrant County after the trial court in Collin County transferred the case, alleging that Father had been sent to prison for fourteen years and seeking sole managing conservatorship and child support.[2] Father sought to enforce the litigation bond requirement and filed a plea in abatement to stay Mother from maintaining her suit against him without

---

[2]Father's convictions were reversed in 2015 by the Dallas Court of Appeals; the court of criminal appeals affirmed the Dallas court's judgment in 2016.

first posting the $100,000 litigation bond. The trial court did not issue a written ruling, but a docket entry was made that the bond was waived.

On October 12, 2015, the trial court entered an order on Mother's motion to modify. Father filed a notice of appeal as to this order in appellate cause number 02-16-00015-CV. On March 21, 2016, we issued an order suspending appellate cause number 02-16-00015-CV, after being notified that Father had filed a petition for bankruptcy on January 13, 2016, in cause number 16-30213-bjh7. *See* Tex. R. App. P. 8.2.

Father is currently in bankruptcy proceedings. Mother was listed as a creditor and filed an adversary proceeding in the bankruptcy court to determine whether the judgment she had against Father—a result of earlier proceedings—was dischargeable. Father filed a response in the adversary proceeding, asserting that Mother had not filed the $100,000 bond.

The bankruptcy court abated the proceeding to the 324th District Court of Tarrant County to determine the applicability of the litigation bond requirement, specifically: whether the complaint filed by Mother in the bankruptcy proceeding was a "new suit" that would trigger the bond requirement. And, in its January 27, 2017 order, the 324th District Court of Tarrant County determined that the bond requirement did not apply.[3] Father now attempts to appeal this order.

---

[3]During the hearing, one of Father's attorneys explained that there was a distinction between the actual bankruptcy case and an "adversary proceeding," such as Mother's nondischargeability complaint, referencing *In re Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995), which described adversary proceedings as "full-

3

Father filed a motion to abate the adversary proceeding in the bankruptcy court based on his appeal in this court of the January 27, 2017 order, but the bankruptcy court denied his motion.

In her motion to dismiss the appeal currently before us, Mother stated that after the trial court made its determination that a bond was not required, the bankruptcy court proceeded with a determination of the adversary proceeding. According to Mother, the bankruptcy court granted her summary judgment motion on the dischargeability issue, holding that the judgment was not dischargeable, and Father has not appealed this ruling.

We asked Father to file a response to Mother's motion by September 29, 2017, and he did so.

In his response to Mother's motion, Father concedes that the bankruptcy court granted Mother's motion for summary judgment on July 17, 2017, but argues that his appeal is not moot and should not be dismissed because if this appeal were to result in the trial court's January 27, 2017 order being vacated or reversed, then he could file a motion for relief in the bankruptcy court from the summary judgment under federal rule of civil procedure 60(b). He further complains that fundamental error occurred due to the various venue transfers in this case, that the trial court lacked the authority to issue an advisory opinion to the federal bankruptcy court, and that the dischargeability issue pertained to

blown lawsuits" within a larger bankruptcy case. The trial court acknowledged the distinction.

4

attorney's fees, which were mischaracterized in contravention of Texas caselaw and accordingly resulted in a void judgment.

Fundamental error exists in rare instances in which error directly and adversely affects the interest of the public generally, as that interest is declared by the statutes or constitution of our state, or instances in which the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006). When a trial court lacks jurisdiction over the parties' dispute, its judgment and actions are void. *Dean v. Alford*, 994 S.W.2d 392, 394 (Tex. App.—Fort Worth 1999, no pet.). A void order is subject to collateral attack in a new lawsuit, while a voidable order must be corrected by direct attack. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010).

But what currently lies before us presents an unusual matter. The bankruptcy court sought advice from a state district court regarding the interpretation of its judgment and then apparently accepted the state district court's advice and acted upon it by proceeding with the bankruptcy case. If this was error, then it was the bankruptcy court's error, which is an error that we have no jurisdiction to review. *See generally* Fed. R. Bankr. P. 8001–8028. To the extent that Father complains that any of the district court's orders—transfer or otherwise—are void, these orders must first be attacked in a new lawsuit in the district court before that argument may be presented on appeal. *See Travelers*

5

*Ins. Co.*, 315 S.W.3d at 863.  For these reasons, we grant Mother's motion to dismiss.

Having granted Mother's motion to dismiss, we dismiss the appeal.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  October 26, 2017