

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-21-00210-CV

_____

ROSA BUSTILLOS AND PAULETTE HICKS, Appellants

V.

ADOLFO TORRES AND MARIA TORRES, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-002150-1

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants Rosa Bustillos and Paulette Hicks sued their next-door neighbors' landlords, Appellees Adolfo Torres and Maria Torres, for nuisance and trespass, alleging a series of harassing incidents between 2011 and 2017 but also generally alleging that the harassment continued through the petition's filing in 2020 and seeking a temporary restraining order (TRO) and a temporary injunction to protect them from Appellees and Appellees' tenants. Appellees filed no special exceptions to the petition, *see* Tex. R. Civ. P. 90, and in their first amended answer, they entered a general denial and raised limitations as an affirmative defense. *See* Tex. R. Civ. P. 94.

Three months later, Appellees moved for summary judgment on limitations, relying solely on Appellants' pleadings. Appellants responded to Appellees' motion and attached affidavits—to which Appellees did not object—in which Appellants recounted incidents of harassment in 2020 and 2021, including one approximately two weeks before they filed their petition. The trial court granted Appellees' motion and denied Appellants' motion for new trial.

In a single issue, Appellants argue that the trial court erred by granting Appellees' motion.

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense by proving when the cause of action accrued and that the plaintiff brought her suit later than the

applicable number of years thereafter. *Draughon v. Johnson*, 631 S.W.3d 81, 88–89 (Tex. 2021); *see* Tex. R. Civ. P. 166a(b), (c).

Based on Appellants' unobjected-to pleadings that included an allegation of ongoing harassment at the time of filing and that sought a TRO and temporary injunction against Appellees and their tenants, and because Appellants supported their response with summary judgment evidence sufficient to raise a genuine issue of material fact regarding limitations and the ongoing harassment, the trial court erred by granting the motion. Accordingly, we sustain Appellants' sole issue, reverse the trial court's judgment, and remand the case for further proceedings.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: May 19, 2022