
FILED
July 7, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-000801-CV
5899750
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/1/2015 1:15:52 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-000801-CV

In the Third Court of Appeals
Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/1/2015 1:15:52 PM
JEFFREY D. KYLE
Clerk

THE UNIVERSITY OF TEXAS SYSTEM AND THE UNIVERSITY OF TEXAS AT DALLAS

*Appellants,*

v.

KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS

*Appellee,*

v.

MARILYN CAMERON

*Intervenor/Appellee.*

On Appeal from the 345th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-11-001923
The Honorable Stephen Yelenosky, Judge Presiding

## APPELLANTS' REPLY BRIEF

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Defense Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax,
and Charitable Trusts Division

H. MELISSA MATHER
Assistant Attorney General
State Bar No. 24010216
Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548 (MC 017-6)
Austin, Texas 78711-2548
Telephone: (512) 475-2540
Facsimile:   (512) 477-2348
melissa.mather@texasattorneygeneral.gov

*Counsel for Appellants,*
*The University of Texas System and*
*The University of Texas at Dallas*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ II

TABLE OF AUTHORITIES ...................................................................III

ARGUMENT ........................................................................................2

    I.    THE ATTORNEY GENERAL CONCEDES THAT HIS MOTION IS ONE FOR TRADITIONAL SUMMARY JUDGMENT, AND HAS FAILED TO MEET THAT STANDARD HERE . ........................................................................2

    II.    THE ATTORNEY GENERAL'S NARROW READING OF *INDUSTRIAL FOUNDATION* IS INCONSISTENT WITH RECENT OPINIONS FROM THE TEXAS SUPREME COURT EXPANDING PRIVACY-RELATED EXEMPTIONS UNDER THE PIA. .....................................................4

    III.    CONSIDERATION OF ADDITIONAL LEGAL ARGUMENTS NOT RAISED OR AVAILABLE BELOW IS PROPER IN THIS CASE. ............................. 10

PRAYER........................................................................................... 13

CERTIFICATE OF COMPLIANCE ................................................... 15

CERTIFICATE OF SERVICE............................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)------------------------------2

*Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546
   (Tex. App. - Austin 1983, writ ref'd n.r.e.)---------------------------------------7, 8, 9

*Indus. Found. of the S. v. Tex. Indus. Acc. Bd.*, 540 S.W.2d 668
   (Tex. 1976)-------------------------------------------------------------------passim

*Johnson v. Sawyer*, 47 F.3d 716 (5th Cir. 1995)-----------------------------------8, 10, 11

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2002) ----------------------------2

*Nexstar Broad., Inc. v. Fidelity Communications Co.*, 376 S.W.3d 377, 381
   (Tex. App—Dallas 2012, no pet.) ------------------------------------------------4

*Piper v. Dept. of Justice*, 374 F. Supp. 2d 73, 78 (D.D.C. 2005) --------------------------- 13

*Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112
   (Tex. 2011) --------------------------------------------------------------------passim

*Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 50 (Tex. 2002)------------------------------4

*Texas Comptroller of Public Accounts v. Attorney General of Texas*,
   354 S.W.3d 336 (Tex. 2010) ----------------------------------------------------passim

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) --------------------------- 13

*Tyler v. Paxton*, No. 03-12-00747-cv, 2015 WL 410281
   (Tex. App. – Austin 2015, no pet.)--------------------------------------- 3, 4, 5, 11

## STATUTES

Tex. Gov't Code § 552.001 *et seq.*----------------------------------------------------passim

Tex. Gov't Code § 552.101 -------------------------------------------------------7, 9, 10,12

Tex. Gov't Code § 552.102 --------------------------------------------------------- 8, 9, 10

Tex. Gov't Code § 552.302 ----------------------------------------------------------------4

## <u>RULES</u>

Tex. R. Civ. P. 166a(i) ------------------------------------------------------------------3

Tex. R. Civ. P. 483 (West 1946, repealed 1986) ---------------------------------------9

## <u>LEGISLATIVE</u>

Tex. H.B. 1295, 84th Leg., R.S. ------------------------------------------------------- 14

**In the Third Court of Appeals**
Austin, Texas

**THE UNIVERSITY OF TEXAS SYSTEM AND THE UNIVERSITY OF TEXAS AT DALLAS**
*Appellants,*
v.
**KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS**
*Appellee,*
v.
**MARILYN CAMERON**
*Intervenor/Appellee.*

On Appeal from the 345th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-11-001923
The Honorable Stephen Yelenosky, Judge Presiding

**APPELLANTS' REPLY BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT:

The rules governing summary judgments apply to every litigant in every case. For the Attorney General to prevail on a traditional motion for summary judgment as a defendant in this case, he would need to negate as a matter of law an element of the University's cause of action or establish as a matter of law an affirmative defense.

Because the Attorney General has done neither, the trial court erred in granting summary judgment in his favor, and that ruling should be reversed, with the case remanded for further proceedings, including a full trial on the merits.

# ARGUMENT

## I. The Attorney General concedes that his motion is one for traditional summary judgment, and has failed to meet that standard here.

The Attorney General has failed to demonstrate as a matter of law that the exceptions to disclosure raised by the University in its complaint could not be proved at trial, and therefore the Attorney General cannot prevail on a traditional motion for summary judgment. In his brief, the Attorney General recites the applicable summary judgment standard as follows: "A defendant seeking summary judgment must negate, as a matter of law, at least one element of each of the plaintiff's theories of recovery, or plead and prove as a matter of law each element of an affirmative defense." Appellee Br. 8 (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)).

The Attorney General makes no attempt to justify its motion as brought under the no-evidence standard of Tex. R. Civ. P. 166a(i), and does not recite or apply that standard in his brief. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2002) ("A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.") (internal quotation marks and citation omitted). In fact, the entire import of the Attorney General's brief seems to be that no assessment of any

evidence, whether in favor of or opposed to the application of an exception to disclosure, is required to dispose of the University's case. *See* Appellee Br. 5 ("Comparing the information protected in *Industrial Foundation* to this list of names results in only one conclusion: the names of participants are not highly intimate or embarrassing private information under the common-law privacy test.") (citing *Indus. Found. of the S. v. Tex. Indus. Acc. Bd.*, 540 S.W.2d 668 (Tex. 1976)); Appellee Br. 8 ("Matters of statutory construction are generally legal issues."); Appellee Br.10 ("The Attorney General cannot be required to produce evidence to show information is not excepted from disclosure by common-law privacy.").

Essentially identical arguments were soundly rejected by this Court earlier this year in *Tyler v. Paxton*, No. 03-12-00747-cv, 2015 WL 410281 (Tex. App. – Austin 2015, no pet.) (unpublished), also a case brought under the Public Information Act (PIA). Tex. Gov't Code § 552.001 *et seq.* There the Court addressed competing motions for summary judgment, and found that the District Attorney for Victoria County, the entity seeking to withhold information, had "failed to address" the relevant legal standard - i.e., whether the DA had a "compelling reason" to withhold the documents under Texas Government Code Section 552.302. For that reason, the DA's motion was denied. *Tyler*, 2015 WL 410281, at *4 (citing *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 50 (Tex. 2002), for the proposition that a party does not meet its summary judgment burden when it does not "assert or prove facts necessary to establish" a claim). The Court then went on to address the Attorney General's motion, and began by noting

3

that the "DA's failure to affirmatively demonstrate a compelling reason, however, does not necessarily establish that the trial court was correct in granting the AG's motion for summary judgment." *Tyler*, WL 2015 410281, at *4. The court noted that the AG had argued that it was entitled to summary judgment because the DA "cannot demonstrate a compelling reason," but the court found that such arguments could not establish "as a matter of law that the exceptions asserted by the DA cannot be proven [at trial] to be compelling reasons." *Id.* (citing *Nexstar Broad., Inc. v. Fidelity Communications Co.*, 376 S.W.3d 377, 381 (Tex. App—Dallas 2012, no pet.)). Accordingly, the court affirmed the denial of the DA's motion for summary judgment, and reversed the grant of summary judgment to the Attorney General, remanding the case for further proceedings. *Tyler*, 2015 WL 410281, at *5. Clearly this Court can and does apply the standard rules of summary judgment to PIA cases, and to whatever extent the Attorney General attempts to imply otherwise in his brief, he is mistaken. *See* Appellee's Br. 9 (asserting that the University's analysis "ignores the unique framework of a PIA case"). Here, just as in *Tyler*, reversal of the order granting summary judgment to the Attorney General and remand is the proper result.

II.  **The Attorney General's narrow reading of *Industrial Foundation* is inconsistent with recent opinions from the Texas Supreme Court expanding privacy-related exemptions under the PIA.**

The Attorney General asserts that he has met his summary judgment burden because it must be obvious from any reading of Industrial Foundation that disclosing the

4

identity of human research subjects participating in a social science study of terrorist decision-making and behavior would not reveal "highly intimate" or "embarrassing" facts about these individuals. Appellee Br. 5. For all the reasons cited in the University's opening brief, however, the Attorney General cannot establish this proposition without some evidence demonstrating facts relevant to the legal standard announced in *Industrial Foundation.* Appellant Br.11-13; *Tyler,* 2015 WL 410281, at *4 (reversing summary judgment rendered in favor of the Attorney General because simply asserting that the withholding agency had not met its burden was not sufficient to establish that the Attorney General's was entitled to judgment as a matter of law).

As described in the University's opening brief, relevant facts include what the disclosure of the names would reveal, or could reveal, about the particular people whose information might be disclosed; whether and to what extent reasonable people would view this disclosure as revealing information that is "highly intimate" or "embarrassing"; and also the extent of the potential consequences from disclosure, both for the agency and for the particular individuals whose personal information is at stake. Appellant Br.11-12 (analyzing cases in which these factors were considered).

In *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.,* 343 S.W.3d 112 (Tex. 2011), the Texas Supreme Court, in response to privacy concerns raised by the Texas Department of Public Safety, created an entirely new exception to the disclosure requirements of the PIA, and remanded the case to the trial court to apply that standard to the information at issue, noting that the "dividing line between disclosure and restraint must be

determined by proof." *Id.* at 119. In *Texas Comptroller of Public Accounts v. Attorney General of Texas*, 354 S.W.3d 336 (Tex. 2010) ("Comptroller v. AG"), the Court found that state employees have a "nontrivial privacy interest" in their dates of birth, based not on whether date of birth alone constitutes "highly intimate" or "embarrassing" information, but based on a realistic analysis of modern methods of identity theft, the "reality of technology" and an analysis of similar exemptions enacted by the legislature. *Id.* at 343-46.

Even in *Industrial Foundation* itself, the Court announced the legal standard, and then remanded for factual assessment based on that standard. *See Indus. Found*, 540 S.W.2d at 685-86 ("Since it appears that the trial court has not considered the individual files which defendants allege are private, and since it clearly appears that some of these files may contain personal information the publication of which would be highly objectionable to a reasonable person, it follows that the trial court's summary judgment for the [plaintiff] was improper. We therefore remand the case to the trial court for its determination, in light of this opinion, whether any of the information should be withheld from disclosure because confidential.").

The Attorney General's brief makes no attempt to distinguish the reasoning in these cases, or assess their impact on the analysis required for negating, as a matter of law, an element of the University's cause of action.

In support of the proposition that *Industrial Foundation*, on its face, simply forecloses the idea that the names of human research subjects in a social science experiment

6

attempting to model the decision-making and behavior of terrorists, could fall within the exemption of Section 552.101, the Attorney General cites two cases that apply the *Industrial Foundation* test, one from a divided panel of this Court, in which the Texas Supreme Court refused the writ "n.r.e.", and years later explicitly disavowed the underlying reasoning, and one from the 5th Circuit applying Texas law. *See Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546 (Tex. App. - Austin 1983, writ ref'd n.r.e.); *Johnson v. Sawyer*, 47 F.3d 716 (5th Cir. 1995). Both of these cases apply *Industrial Foundation* after a trial on the merits, and do so in the context of discussing the relevant evidence introduced by the parties. *Hubert*, 652 S.W.3d at 553-54 (Powell, J., dissenting) (recounting detailed fact and opinion evidence introduced at a bench trial); *id.* at 551 (opinion by Shannon, J.) (distinguishing between categories of candidates established by the evidence, and relying on alternative theories with respect to one of these categories); *Johnson*, 47 F.3d at 718-26 (describing testimony introduced at a bench trial).

In *Hubert*, a divided panel of the Third Court held that the names of candidates for president of Texas A&M University were not exempt from disclosure under Texas Government Code Section 552.102 - a similar but distinct provision of the PIA. *See* Tex. Gov't Code § 552.102 (exempting from disclosure "information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). Justice Shannon wrote an opinion for the Court, in which he agreed with the intervenors/appellees that the "Industrial Foundation test for information deemed confidential by law under [Section 552.101] . . . should apply also to [Section 552.102]."

7

*Hubert*, 652 S.W.3d at 550.  The opinion notes that the "basic question in determining whether information should not be disclosed under [Sections 552.101 and 552.102] is whether publication of the information would constitute an invasion of an individual's privacy," and that employing a separate balancing test under Section 552.102, as urged by the university, would "impart unnecessary complexity into judicial interpretation of the statute." *Hubert*, 652 S.W.3d at 550.  Justice Phillips concurred in the judgment, and agreed with Justice Shannon's rejection of a balancing test, but wrote separately to emphasize that in interpreting Section 552.102, "we are not limited to a common law tort recognized by judicial decision only," a clear reference to Justice Shannon's reliance on *Industrial Foundation*. *Hubert*, 652 S.W.3d at 552 (Phillips, J., concurring).  Justice Powers dissented, arguing that a balancing test was appropriate, and that even whether or not one was applied, it was plain that the evidence produced by the University at trial, including fact and expert witnesses, established that disclosure would constitute an invasion of privacy tort.  *Id.* at 560-61.  The Texas Supreme Court, operating under the now-defunct writ system, refused the writ "n.r.e.", meaning that the Court "was not satisfied that the opinion of the Court of Civil Appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal.".  Tex. R. Civ. P. 483 (West 1946, repealed 1986).  Many years later, in *Comptroller v. AG*, the Texas Supreme Court explicitly disavowed the core reasoning of the opinion - that the test for assessing privacy interests must be the same under Section 552.101 and Section 552.102. *Comptroller v. AG*, 354 S.W.3d at 342 (citing Justice

8

Powers' dissent on the differences between Section 552.101 and Section 552.102 and stating clearly: "We agree with Justice Powers."). To the extent that the Attorney General wishes to rely here on the reasoning applied by the court in Hubert, that reasoning has been disavowed by the Texas Supreme Court on two separate occasions, and does not constitute either binding or persuasive authority on the correct application of Industrial Foundation.

In *Johnson*, the Fifth Circuit interpreted *Industrial Foundation* as a recognition, as a matter of Texas common law, of the tort of public disclosure of private facts, as well as a description of the elements of that tort, as recognized under Texas common law. *Johnson*, 47 F.3d at 731. In applying these elements to the facts adduced at trial, the court stated that there was "no evidence whatsoever that [the plaintiff's] middle initial, his age, his title at [the company where he worked] and his home address, or any of these, were actually secret or concealed, or were regarded by him, or would be regarded by the average person, as private or embarrassing or intimate." *Id.* at 733 (emphasis added). In fact, as the court went on to describe, there was evidence in the record that indicated that such information was public and not concealed. *Id.* at 733-34. The court further noted that "[o]f course, the publication of non-private information - e.g., a person's name or other identifying public facts about him - can invade the subject's privacy where it publicly ties that individual to some private occurrence that is intimate or embarrassing." *Id.* at 734 (emphasis in original). The example given in the opinion is the disclosure of the name of a person having a secret extramarital affair, but the private

9

information could just as easily be participation in a study where confidentiality was assured to the subjects in writing in advance. *Id.*; (informed consent notice provided to study participants, including the assurance that "[a]ll the information participants provide to investigators as part of this research will be protected and held in confidence within the limits of law and institutional regulation . . . [w]e will not share any personal contact information").

In short, these cases simply do not support the idea that courts can or should assess privacy interests based simply on a comparison of the information at issue to the type of information that was found to be confidential in *Industrial Foundation*. Instead, these cases, like *Cox*, *Comptroller v. AG*, and *Industrial Foundation* itself, accept that *Industrial Foundation* announces a legal standard, not an exclusive list, and that such a standard needs to be applied based on particular facts that are often assessed after a trial on the merits. Simply asking whether disclosing the names of participants in a research study seems to be as bad as disclosing information about medical problems or a sexual assault is not sufficient to resolve the question as a matter of law. *See Tyler*, 2015 WL 410281, at *4 (summary judgment is properly denied when the movant does not "assert or prove facts necessary to establish" a claim).

## III. Consideration of additional legal arguments not raised or available below is proper in this case.

The University is entitled to reversal in this case because the trial court erred in granting the Attorney General's motion for summary judgment. Appellant Br. 11-13.

10

In the alternative, the University has requested that this Court remand the case for the separate reason that the trial court erred in applying an incorrect legal standard to evaluate the exemption codified at Texas Government Code Section 552.101. Appellant Br. 13-18. Specifically, the standard applied by the trial court was unnecessarily truncated by focusing solely on *Industrial Foundation*, failing to take into account the University's First Amendment interest in academic freedom, and the public's interest in having public institutions conduct sound scientific research. Appellant Br. 13-18.

The University's arguments in this regard were not raised before the trial court, but nevertheless should be considered here in light of the individual privacy interests at stake in this litigation. *See Comptroller v. AG*, 354 S.W.3d at 341. The Texas Supreme Court permitted just such leniency in *Comptroller v. AG*, a case in which the Court ruled in favor of the Comptroller on grounds that she had expressly abandoned at oral argument. *Id.* at 340. In that case, the Court stressed that when the privacy rights of individuals are at stake, but those individuals are not parties to the litigation, "the importance of protecting third parties' interests makes judicial intervention proper," even when a state agency no longer presses a particular argument. *Id.* at 341. In conducting this analysis, the Court cited favorably to several federal cases decided under an analogous provision of the federal Freedom of Information Act (FOIA). *Id.* (quoting favorably *Piper v. Dept. of Justice*, 374 F. Supp. 2d 73, 78 (D.D.C. 2005): "[I]n certain FOIA cases where the judgment will impinge on rights of third parties that are expressly protected by FOIA, such as privacy or safety, district courts not only have the discretion,

11

but sometimes the obligation to consider newly presented facts and to grant [post-judgment relief]").

Here, as in *Comptroller v. AG*, this Court can and should analyze all possible bases for remanding this case to the trial court, including those that may have merit, but were not raised below. *See also Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (trial court's grant of summary judgment is reviewed de novo).

Recent legislation also supports the University's position, and acts of the legislature during the pendency of a case may be considered by the court. *See Cox*, 343 S.W.3d at 116 (considering the text of a statute establishing an explicit PIA exemption for travel vouchers of high-level state officials enacted five days after the Court of Appeals issued its decision ordering disclosure of that information).

Specifically, Section 2 of House Bill 1295, which was signed into law on June 19, 2015, with an effective date of September 1, 2015, amends Chapter 51 of the Texas Education Code to add Section 51.955, which generally provides that a state agency cannot enter into a research contract with an educational institution if the terms of the contract would preclude public disclosure of the final data generated from the research.. Subsection (e) of this new section also provides that "[t]his section does not require the public disclosure of personal identifying information or any other information the disclosure of which is otherwise prohibited by law." Tex. H.B. 1295, 84th Leg., R.S. (2015).

12

While perhaps not directly applicable to this situation, the statute indicates that the Legislature recognizes and appreciates that the disclosure of personal identifying information associated with publicly funded research is problematic and should be restricted—so much so that even within legislation intended to expand disclosure requirements under the PIA, the legislature felt it necessary to expressly recognize and protect personal identifying information in research from public disclosure.  As in *Cox*, this understanding is useful in shaping the Court's view of how to interpret relevant exemptions under the PIA.  *See Cox*, 343 S.W.3d at 116 ("The Legislature has recognized the importance of protecting physical safety, notwithstanding the mandate that courts construe the PIA in favor of disclosure. . . . Several PIA exceptions are grounded in a concern for physical safety, and the Legislature's swift passage of an exception for information that would pose a 'substantial threat of physical harm' confirms the primacy of this interest.")

Taking a broader view of the law in this area is favored by the Texas Supreme Court's recent pronouncements on privacy protections and the PIA in *Cox* and *Comptroller v. AG*, and a faithful application of these cases should result in a remand of this case for a trial on the merits that will take into account all relevant legal interests.

## PRAYER

The University asks that the Court reverse the trial court's grant of summary judgment to the Attorney General, and remand the case for further proceedings.

Dated: July 1, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable Trusts
Division

/s/ *H. Melissa Mather*
H. MELISSA MATHER
Assistant Attorney General
State Bar No. 24010216
Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548/Mail Code 017-11
Austin, Texas 78711-2548
Telephone:  (512) 475-4298
Facsimile:    (512) 478-4013
melissa.mather@texasattorneygeneral.gov
*Counsel for Appellants, The University of Texas System and*
*The University of Texas at Dallas*

14

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 3359 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/ H. Melissa Mather
H. MELISSA MATHER


## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, a true and correct copy of the *Appellants' Reply Brief* was served via e-service and/or e-mail to the following:

Kimberly L. Fuchs
Chief, Open Records Litigation
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
kimberly.fuchs@texasattorneygeneral.gov
*Attorney for Appellee, Attorney General*

Marilyn Cameron
18222 Outback Lakes Trail
Humble, Texas 77346
mizcameron@yahoo.com
*Intervenor/Appellee/Pro se*

/s/ H. Melissa Mather
H. MELISSA MATHER