

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00267-CV

———————————————

PAIGE A. KESTER, Appellant

V.

STATE FARM LLOYDS, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-329343-21

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

# OPINION

This is a first-party insurance suit brought by Appellant Paige A. Kester against his homeowners-insurance carrier, Appellee State Farm Lloyds, for breach of contract, violations of the Texas Prompt Payment of Claims Act (TPPCA), and violations of Chapter 541 of the Texas Insurance Code. Only Kester's TPPCA claim is involved in this appeal.

In three issues, Kester appeals the trial court's TPPCA-related summary judgment in State Farm's favor. But because State Farm paid all that Kester was entitled to receive under his policy, along with all penalty interest that he could have recovered at trial, Kester cannot recover attorney's fees—or anything else—under the TPPCA. We will affirm.

## Background

In December 2019, Kester submitted a claim for alleged damage to his home in Southlake, Texas, sustained during an October 2019 storm. State Farm inspected Kester's home on December 23, 2019, finding covered damage with a replacement-cost value of roughly $17,000. That same day, State Farm accepted the claim and, after subtracting depreciation and Kester's deductible from that replacement-cost value, issued Kester an actual-cash-value[1] payment of $2,270.

---

[1]Kester's policy provided that unless he made repairs within two years of the date of loss, State Farm would pay only the actual cash value, which is calculated by deducting depreciation from replacement-cost value. *Gonzalez v. Meridian Sec. Ins. Co.*, No. 4:20-CV-00643, 2020 WL 6781550, at *2 n.1 (E.D. Tex. Nov. 18, 2020). If repairs

In September 2020, after having gotten a public appraiser involved for a second inspection that did not change State Farm's decision, Kester sent State Farm a demand letter—which State Farm declined—seeking actual damages of $48,500 and $8,200 in attorney's fees. The next month, Kester demanded appraisal according to his policy's terms. That process resulted in a late April 2021 appraisal award that set the amount of loss at nearly $48,000 on a replacement-cost basis and a little over $32,000 on an actual-cash-value basis. In June 2021, State Farm complied with the appraisal award by paying Kester roughly $21,000, which represented replacement-cost value less depreciation, deductible, and State Farm's earlier payment.

Kester sued State Farm in September 2021. Several months later, State Farm voluntarily paid Kester $2,965.15 to "resolve any potential question or concern" about interest that it might owe Kester under the TPPCA for delayed payment.[2] *See* Tex. Ins. Code Ann. § 542.060. State Farm also voluntarily paid Kester $5,000 in attorney's fees, writing to his lawyer,

> As your client's economic damages have now been paid, there is a question as to whether you would recover any attorney's fees under Section 542A.003 of the Texas Insurance Code. However, State Farm is enclosing payment for attorney's fees in the amount of $5,000 in relation

were made, Kester would receive a further payment of about $6,000 after applying only his deductible.

[2]State Farm calculated that interest from January 14, 2020, although its summary-judgment motion noted that the statutory "date the claim was required to be paid" was three days later, on January 17, 2020. *See* Tex. Ins. Code Ann. § 524.060. Kester's summary-judgment response did not challenge State Farm's calculations.

to the Texas Prompt Payment of Claims Statute and in accordance with Section 542A.003 of the Texas Insurance Code.

Soon after making these payments, State Farm moved for traditional summary judgment on all of Kester's claims. State Farm introduced its motion with this summary, which succinctly captures this appeal's posture:

> Through the appraisal process, the amount of loss in this case was set. State Farm paid the appraisal award. Additionally, State Farm issued payments covering any statutory interest that Plaintiff could conceivably claim under Chapter 542 of the Texas Insurance Code for payment of policy benefits related to the Claim. State Farm further has issued a payment to Plaintiff covering any reasonable attorneys' fees Plaintiff could conceivably claim related to this lawsuit. There are, therefore, no further amounts that Plaintiff can possibly recover. Thus, summary judgment in favor of [State Farm] on all of Plaintiff's claims is appropriate.

After getting Kester's response—which did not controvert State Farm's position that Kester had received all conceivable statutory interest—and State Farm's reply, the trial court granted the motion. This appeal followed.

### Issues

Kester offers three reasons why the trial court's judgment was allegedly wrong:

- State Farm's paying the appraisal award did not extinguish Kester's TPPCA claim for delayed payment;

- State Farm's gratuitously paying, pretrial, the TPPCA interest owed for delayed payment did not entitle it to judgment as a matter of law, but even if it did, State Farm's interest calculation was wrong; and

- Insurance Code Section 542A.007 does not preclude an attorney's-fees award to Kester.

4

Because Kester did not and does not suggest that State Farm owes him some additional policy benefits, and because he waived any argument about the TPPCA-interest amount (and is mistaken anyway),[3] the only real fight on a practical level is whether Kester can recover his attorney's fees. For efficiency, we will address Kester's issues together.

---

[3]In his opening brief on appeal, Kester theorized that State Farm should have calculated interest from January 4, 2020, rather than January 14, 2020, but he did not raise this argument in his summary-judgment response. "Issues not expressly presented to the trial court by written motion, answer[,] or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). A nonmovant must therefore "expressly present to the trial court in writing any reasons for avoiding the movant's right to summary judgment. Any summary-judgment issues not raised in a timely, written response to the movant's summary-judgment grounds are waived." *Ahmad v. Mathur*, No. 02-13-00314-CV, 2014 WL 1859369, at *2 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op.) (citations omitted).

More fundamentally, though, State Farm's appellee's brief detailed how, if anything, it overpaid its TPPCA-interest obligation. Kester's reply brief did not challenge—or even mention—State Farm's analysis of his newly raised reliance on Section 542.057(a), which provides that an insurer that has notified an insured that it will pay a claim must pay it within five business days. Tex. Ins. Code Ann. § 542.057(a); *see also Arnold v. State Farm Lloyds*, No. CV H-22-3044, 2023 WL 2457523, at *5 (S.D. Tex. Mar. 10, 2023) (noting that although plaintiffs "suggest that they dispute the amount of [State Farm's interest] payments," they "have not submitted any summary-judgment evidence disputing State Farm's calculations"). Kester argued in his opening brief that the fifth business day after State Farm's claim acceptance was January 3, 2020, so that a fact issue exists about whether TPPCA interest began to accrue on January 4, 2020. But as State Farm notes, Section 542.057(a) does not give rise to "additional statutory damages if an insurer timely pays the amount of covered damages set forth in its written notice even if the policyholder disagrees with the insurer's coverage determination." State Farm paid Kester $2,270 on the same day (December 23, 2019) that it notified him that his claim was accepted, so Section 542.057(a)'s five-day window opened and closed on the same day and is thus apples and oranges here even if Kester had not waived this argument.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

## The Prompt Payment of Claims Act

The TPPCA "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019); *see* Tex. Ins. Code Ann. §§ 542.051–.061.

Special TPPCA provisions added in 2017 as Chapter 542A deal with weather-related claims for property damage and limit what insureds can recover.[4] *See* Tex. Ins. Code Ann. §§ 542A.001(2) (defining "claim" as one arising from damage or loss

---

[4]Although handed down in 2019, *Barbara Technologies* was decided under the pre-2017 version of the TPPCA.

"caused, wholly or partly, by forces of nature, including … hail, wind, … or a rainstorm"), 542.060(c) (establishing how to calculate the statutory interest rate "on the amount of the claim" in cases to which Chapter 542A applies), 542A.007(a) (providing three disjunctive ways to calculate an attorney's-fees award); *see also* Amy Elizabeth Stewart, *2017 Insurance Law Update*, 83 The Advoc. (Texas) 7, 1 (2018) ("[P]opularly referred to as the 'hailstorm' bill," Chapter 542A "limits a policyholder's ability to recover its attorney's fees for prosecuting such a claim and reduces the interest recoverable in connection with delayed payments.").

Chapter 542A attorney's fees are limited to the lesser of the amount "supported at trial," or "that may be awarded to the claimant under other applicable law," or—apropos here—as calculated by this formula:

> (A) dividing the *amount to be awarded in the judgment* to the claimant *for the claimant's claim under the insurance policy* for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and

> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code Ann. § 542A.007(a)(1)–(3) (emphasis added).

## Discussion

In his first issue, Kester frames State Farm's trial-court argument as one under which "its payment of the appraisal award extinguished Kester's claim for penalty interest and attorneys' fees under the TPPCA as a matter of law." Kester contends

otherwise, relying on *Barbara Technologies* and its companion case, *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019).

Those pre-Chapter 542A cases, although useful in establishing that the payment of an appraisal award following the rejection of a covered loss does not in and of itself foreclose a TPPCA claim, *see Barbara Techs.*, 589 S.W.3d at 819, *Ortiz*, 589 S.W.3d at 135, have little to do with what's actually at stake in this appeal: does paying an appraisal award and also paying all possible TPPCA interest moot a TPPCA claim? And, setting aside the penalty-interest component, does paying an appraisal award leave no "amount to be awarded in the judgment" for a "claim under [Kester's] insurance policy," thus making the numerator in Section 542A.007(a)(3)(A)'s attorney's-fee formula zero? After examining various authorities, we agree with the growing majority of them that under a plain reading of the statute, the answer to both questions is yes.

Our sister court in Dallas recently became the first Texas state court to address the scenario we face. *See Rosales v. Allstate Vehicle & Prop. Ins. Co.*, No. 05-22-00676-CV, 2023 WL 3476376 (Tex. App.—Dallas May 16, 2023, no pet. h.).[5] There, as here, the insurer paid an appraisal award and wrote a separate check intended "to cover any additional interest [the insured] could possibly allege to be owed" under the TPPCA.

---

[5]The same attorneys squared off in that case as in this one.

*Id.* at *1. Allstate then moved for traditional (and no-evidence) summary judgment on Rosales's TPPCA claim, arguing that

> because it [had] paid all that could be owed on the claim (i.e., the full appraisal award plus any possible TPPCA interest), Rosales was not entitled to any money judgment on this claim. Allstate further reasoned that because Rosales was not entitled to a money judgment, this cut off Rosales's right to recover attorney's fees under Chapter 542A, which makes the amount of attorney's fees dependent on the amount of the money judgment.

*Id.* at *2. As Kester does here, Rosales countered—citing *Barbara Technologies* and several federal-court decisions—that his insurer's "'gratuitous' payment of what it characterized as any interest that could be owed under the TPPCA did not establish [the insurer's] right to summary judgment on his claim for attorney's fees." *Id.* In a thorough opinion authored by Justice Emily Miskel, the Dallas Court of Appeals disagreed:

> In this case, Allstate has already paid the appraisal award, which is binding as to the maximum amount of the damage to or loss of Rosales's property.[6] Therefore, there remains no "amount *to be* awarded in the judgment" to Rosales for his "claim under the insurance policy for damage to or loss of covered property" in the attorney's fees formula in 542A.007(a)(3)(A). Because the amount *to be* awarded in a TPPCA judgment for a covered loss is presently zero dollars, and because the amount of attorney's fees is a multiple of that amount, Chapter 542A's formula must result in an award of zero attorney's fees.
>
> The existence of statutory damages for interest does not affect Chapter 542A's calculation of attorney's fees. In interpreting statutes, we must look to the plain language. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d

---

[6] *See Barbara Techs.*, 589 S.W.3d at 823 n.14, 827 (holding that an appraisal award binds the parties as to the amount of the claim).

9

53, 59 (Tex. 2019). If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include. *Id.* Under a plain reading of section 542A.007(a)(3)(A), the interest defined as statutory damages by section 542.060(c) is not an amount to be awarded for a "claim *under the insurance policy* for damage to or loss of covered property." Interest is an amount to be awarded as damages under the TPPCA, but it is not an amount to be awarded under the insurance policy, so interest is not a part of section 542A.007's formula for attorney's fees.

*Rosales*, 2023 WL 3476376, at *4 (footnote omitted).

Because Allstate had already paid (1) the "claim" amount as determined by the appraisal, (2) the maximum amount of statutory-damages interest, and (3)—effectively—reasonable and necessary attorney's fees of zero,[7] Rosales could recover nothing more, and Allstate was entitled to summary judgment. *Id.*

The *Rosales* court backed up its holding by citing the "majority of federal courts" that have held that Section 542A.007's formula precludes an attorney's-fee award when an insurer "preemptively pays both the appraisal award and any possible interest." *Id.* at *5. Some of those cited cases are *Morakabian v. Allstate Vehicle & Property Insurance Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *5 (E.D. Tex. Mar. 30, 2023) (determining that "[t]he plain language of Section 542A.007(a) makes clear that payment of the appraisal award extinguishes a plaintiff's right to attorney's fees under the TPPCA"); *Arnold*, 2023 WL 2457523, at *5 (granting summary judgment to insurer that had paid appraisal award and TPPCA interest and explaining that Chapter

---

[7]In our case, State Farm voluntarily paid Kester $5,000 for his attorney's fees.

542A attorney's fees were unavailable because "the numerator for the calculation provided in subsection (a)(3)(A) is 0" and "[a]ny division of 0 is 0 . . . , meaning that there are no attorney's fees to award"); *Rodriguez v. Safeco Insurance Co. of Indiana*, No. 5:20-CV-168-C, 2022 WL 6657888, at *1 (N.D. Tex. Oct. 3, 2022) (holding that insurer's payment of appraisal award plus interest entitled it to summary judgment on Chapter 542A claim and absolved insurer from any liability for attorney's fees); and *Atkinson v. Meridian Security Insurance Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *8 (W.D. Tex. Aug. 24, 2022) (granting summary judgment to insurer that had paid appraisal award and any possible TPPCA interest and noting that because "the amount to be awarded in a judgment on [plaintiff's] TPPCA claim [was] zero dollars," plaintiff could not recover attorney's fees under Section 542A.007).

*Rosales* also addressed several contrary decisions—on which Kester relies as did Rosales—holding that "payment of the appraisal award and statutory interest will not defeat a claim for attorney's fees." 2023 WL 3476376, at *5. Those cases are *Ahmad v. Allstate Fire & Casualty Insurance Co.*, No. 4:18-CV-4411, 2021 WL 2211799, at *4 (S.D. Tex. June 1, 2021); *Martinez v. Allstate Vehicle & Property Insurance Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020); and *Gonzalez v. Allstate Fire & Casualty Insurance Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019).[8]

---

[8]Kester cites a fourth case, *Texas Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488, 493–94 (Tex. App.—Houston [14th Dist.] 2022, no pet.). But as both State Farm and

Kester argues that these cases warrant reversal because State Farm was either trying to unilaterally settle his case—something disapproved in *Ahmad*—or pulling a fast one by accepting his claim, low-balling the amount, paying the eventual appraisal award, and then tendering the maximum TPPCA interest it might get tagged with—which *Martinez* and *Gonzalez* frowned on as an underhanded way to sidestep liability for attorney's fees under Section 542A.007(a). *See Ahmad*, 2021 WL 2211799, at *4 ("Allstate has failed to establish that the payment of interest was in fact a settlement of the TPPCA claim. All indications are to the contrary. Plaintiff disputes that he accepted the payment in release of his TPPC[A] claim. . . . Because Allstate failed to provide uncontroverted evidence of mutual intent to resolve the TPPCA claim, Allstate's payment of the statutory interest does not constitute a settlement or conclusively establish that the TPPCA claim was resolved."); *Martinez*, 2020 WL 6887753, at *2 n.1 ("Allstate apparently lowballed Martinez in its initial estimate of her claim, forcing her to file suit to recover her damages. . . . At that point [following the subsequently invoked appraisal process], Martinez had been forced to hire an attorney and engage in the early stages of litigation and an appraisal. Allstate, meanwhile, had been decisively defeated in the appraisal, and belatedly attempted to

---

*Rosales* point out, *Ahmed* was not a Chapter 542A case, so Section 542A.007(a)(3)(A)'s attorney's-fee formula—with its zero numerator when there is no "amount to be awarded in the judgment" for a "claim under the insurance policy for damage to or loss of covered property"—did not come into play. *See Rosales*, 2023 WL 3476376, at *4–5.

resolve the case by paying both the appraisal award and interest. But the interest payment failed to make Martinez whole, because she had been forced—by Allstate's initial refusal to pay her claim—to pursue litigation and pay an attorney."); *Gonzalez*, 2019 WL 13082120, at \*6 ("Allstate's interpretation of § 542A.007 would mean that insurers could systematically avoid liability for TPPCA attorney's fees by (i) first, paying only a small fraction of the alleged claim amount to a claimant, (ii) second, invoking appraisal, and (iii) third, only following appraisal, paying the difference and any interest owed to the claimant. Although it is true that the Texas legislature intended to place a limit on attorney's fees through § 542A.007, there is no indication that the Texas legislature intended to read attorney's fees out of statute for all practical purposes." (footnote omitted)). *Rosales* rejected these rationales with analysis that we find persuasive.

Regarding the first, "[t]here is nothing about paying all possible liquidated damages before judgment that creates a settlement." *Rosales*, 2023 WL 3476376, at \*6 (citing *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-102, 2022 WL 17828980, at \*9 (S.D. Tex. Nov. 14, 2022)). "Allstate's prepayment of all possible damages does not create an involuntary, unilateral settlement of claims, but rather it is an effort to extinguish the underlying obligation." *Id.* We agree.

As for the notion that it's dirty pool to pay a claim only after serious foot-dragging that necessitates the appraisal process and then paying the appraisal award and all TPPCA penalty interest so that there is no possible money judgment that an

insured can obtain, the *Rosales* court disagreed that summary judgment for an insurer is therefore wrong. *Id.* Despite federal courts' "distaste for the apparent gamesmanship of allowing one party to affect the other's recovery by preemptively paying a part of the judgment," *id.*, the Texas Supreme Court blessed just such a process in, for example, *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 485–90 (Tex. 2019)—an analogous case that State Farm commends to us and the reasoning of which *Rosales* applied to the TPPCA context.

*JCB* involved a claim for unpaid sales commissions and the proper construction of the Texas Sales Representative Act. *See id.* at 484–90; *see also* Tex. Bus. & Com. Code Ann. § 54.004(1) (allowing an award of "three times the unpaid commission due the sales representative"). While a federal suit was pending, the company paid all commissions due and then obtained summary judgment. *JCB*, 597 S.W.3d at 483. On certified questions, the Fifth Circuit asked the Texas Supreme Court whether statutory treble damages were set at the time the contract was breached or at the time of judgment. *Id.*

The supreme court answered that the measuring point would be the latter:

> As a general matter, it almost goes without saying that damages typically are calculated by the factfinder based on what is required to compensate the plaintiff at the time of verdict or judgment . . . . The question for the factfinder is how much the defendant owes the plaintiff today. The question is typically not how much the defendant owed the plaintiff at some date in the past. Nor is it how much the defendant would have owed the plaintiff if the defendant had not already paid. The usual question for the factfinder is how much the defendant owes the plaintiff at the time the factfinder assesses liability.

14

*Id.* at 486 (cleaned up). The predicate damages subject to trebling are not "locked in and trebled at the time of breach, [with] nothing either party can do to mitigate or reduce the damages." *Id.* at 487. Under contract-law principles, the court noted, full mitigation means that the plaintiff has been made whole, and nothing remains to be litigated "besides perhaps attorney's fees and interest." *Id.* And even if the Sales Representative Act were viewed as akin to a strict-liability tort as JCB suggested, "defendants [always] have the ability to reduce their liability by paying the claimed damages before trial." *Id.*

Because, to avoid litigation, defendants are generally encouraged to pay what they owe, the *JCB* court disagreed with the plaintiff's contention that depriving it of treble damages would gut the statute "of any real effect" and pointed instead to the salutary idea that "[t]he threat of such punitive judgments provides added encouragement for principals to pay their sales representative the disputed commission." *Id.* at 488–89.

*Rosales* extrapolated *JCB* to the TPPCA context: "the calculation of attorney's fees depends on 'the amount to be awarded in the judgment,'" 2023 WL 3476376, at *7 (quoting Tex. Ins. Code Ann. § 542A.007(a)(3)(A)), and "the amount of the judgment is calculated at the time of judgment," *id.* (citing *JCB*, 597 S.W.3d at 486). As our sister court held and as we now hold, when an insurer pays an appraisal award and all possible TPPCA interest pretrial, because the Legislature chose not to authorize an

15

attorney's-fees award untethered from a judgment amount, an insured cannot recover its fees under Chapter 542A.[9]

This holding necessarily rejects Kester's argument, drawn from *Gonzalez*, that freezing him out of recovering his attorney's fees just because State Farm has paid the appraisal award and all possible interest would "read attorney's fees out of [the] statute for all practical purposes." 2019 WL 13082120, at *6. Not so, as *Rosales* paraphrased *JCB*'s reasoning: "the threat of punitive judgments under the statutory framework provides added encouragement for insurers to pay their insureds the disputed amounts before trial." 2023 WL 3476376, at *7 (citing *JCB*, 597 S.W.3d at 489).

In the end, to the extent that the Legislature's continuing efforts to ameliorate the seeming "forever war" between insurance companies and their insureds might remain unsatisfying, that's a job for the Legislature, not the courts when construing a straightforward statute. We will join the Dallas court and recent federal district courts

---

[9]Section 542A.007(a)(3)(A)'s formula distinguishes the TPPCA from the statute involved in *JCB*, which provided that "[a] principal who fails to comply with a provision of a contract . . . relating to payment of a commission . . . is liable to the sales representative . . . for . . . reasonable attorney's fees and costs." Tex. Bus. & Com. Code Ann. § 54.004(2). The supreme court concluded that JCB was eligible to recover its "reasonable attorney's fees and costs by virtue of [the company's] breach and the plain language of section 54.004." *JCB*, 597 S.W.3d at 492. Although both TPPCA Sections 542.060 and 542A.007 refer to an insured's recovery of "reasonable and necessary attorney's fees," only Section 542A.007(a)(3)(A) is overlaid with the numerator–denominator equation that can easily yield zero attorney's fees on the appropriate facts.

in staying in our lane. As the Eastern District of Texas noted—in a case preceding *Rosales* by less than two months—"Even if the Court agreed with Morakabian's underlying policy concerns, such considerations are best addressed by the relevant law-making body—here, the Texas Legislature—and not by this Court." *Morakabian*, 2023 WL 2712481, at *4.[10]

## Conclusion

Having overruled Kester's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 6, 2023

---

[10]*See also Morakabian*, 2023 WL 2712481, at *6 ("Morakabian's policy pitch urges the Court to ignore the plain text of Section 542A.007 in favor of a construction that, while departing from the text, would embrace Morakabian's vision of the Texas Legislature's actual intent. Of course, doing so would involve this Court['s] taking up the "legislative pen" to effectively rewrite Texas statutory law. The Court rejects Morakabian's invitation. Consistent with the guidance of the Texas Supreme Court, this Court must interpret and enforce the unambiguous provisions of Section 542A.007 as written.").