**Vacate and Affirm and Opinion Filed October 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00673-CV**

**IN THE ESTATE OF MARIA ELENA WEBB, DECEASED**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-01506-2**

## MEMORANDUM OPINION ON REHEARING

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Breedlove

On September 15, 2023, we issued an opinion and judgment in this case dismissing the appeal for lack of jurisdiction. Appellee Lisa Leffingwell, administrator of the Estate of Maria Elena Webb, subsequently filed a motion for rehearing. We deny the motion for rehearing. We withdraw our previous opinion and judgment. We substitute this opinion and the accompanying judgment in their place.

Appellant Claudia Elena Johnston challenges the trial court's order authorizing the sale of real property owned by her deceased mother's estate. She complains the trial court erred by appointing the administrator, by allowing the sale

to occur prematurely, and by failing to apply controlling partition law in Chapter 23A of the Texas Property Code. We affirm the trial court's order.

## BACKGROUND

Maria Elena Webb died intestate on December 7, 2019. At the time of her death, she owned real property on Typhon Drive in Grand Prairie that is the subject of this dispute.

Webb's three adult children—appellant Claudia,[1] Cynthia Fisher, and Richard Clifton Webb—survived her. Richard filed an application for letters of administration and to determine heirship on February 4, 2020, in Tarrant County. Claudia filed an application for letters of administration and to determine heirship on May 18, 2020, in Dallas County. The Tarrant County case was transferred to Dallas County on July 31, 2020, and the cases proceeded together. Claudia moved into the Typhon Drive home in May, 2020.

On October 4, 2021, the trial court granted Richard's application for letters of administration and appointed appellee Lisa Leffingwell as the estate's dependent administrator. Leffingwell filed an "Application for Sale of Real Estate and for Authority to Enter Listing Agreement" on January 7, 2022. Leffingwell alleged it was "necessary and advisable" to sell the Estate's interest in the property to pay the Estate's expenses. Claudia filed an objection to Leffingwell's application,

---

[1] We refer to the Webb family members by their first names for clarity.

–2–

contending that sale of the Estate's property was unnecessary to satisfy the Estate's obligation to the mortgage lender[2] or any other claims against the Estate.

On June 28, 2022, the trial court held a hearing on Leffingwell's application to sell the property and Claudia's objection. The court permitted the parties to submit additional briefing on Claudia's argument that Chapter 23A of the Texas Property Code provided the exclusive method for partition of the property. *See* TEX. PROP. CODE ANN. §§ 23A.001–.013 (Uniform Partition of Heirs' Property Act) (Chapter 23A). The parties did so, and Leffingwell also filed a supplement to her application submitting a comparative market analysis for the property that the trial court had requested at the hearing.

On July 1, 2022, the trial court signed an order authorizing Leffingwell to list the property for sale for $235,000 and to sell the property in a private sale. On August 30, 2022, Leffingwell filed a "Report of Sale of Real Property" and sought the trial court's authorization and confirmation of the proposed conveyance to a buyer for a final sales price of $195,000. Claudia filed an objection, contending that the trial court should not approve the sale because the proposed sale price was less than the amount that Claudia was "ready" to pay.

At a hearing on September 13, 2022, the trial court heard Leffingwell's application and Claudia's objections. The trial court continued the hearing to permit

---

[2] On June 27, 2022, U.S. Bank N.A. filed an "Authenticated Secured Claim" stating that the total amount owed on the mortgage was $61,024.31 as of June 1, 2022, with an unpaid principal balance of $45,325.25.

Claudia to prepare an offer for the property, but emphasized that if Claudia's offer was "not more than" the $195,000 offer Leffingwell had already received for the property, the court would approve Leffingwell's report "as it stands."

The trial court reconvened the hearing on September 15, 2022. Although counsel[3] appeared on Claudia's behalf and explained that he had begun to prepare an earnest money contract, he stated that he had questions about the amount of an earnest money payment, the use of the sale's proceeds, and future distribution of the proceeds. The court responded that "I made it clear at our hearing on the—let's see here—9/13, I made it clear at that hearing that you were to make an offer for the full amount." Because Claudia failed to do so, the court granted Leffingwell's application, finding that "the price is a fair price given the condition of this property and the current occupants."

On the same day, the trial court signed a "Decree Confirming Sale of Real Property," approving Leffingwell's "Report of Sale of Real Property" and authorizing sale of the property "upon compliance by the Purchaser with the terms of sale." Claudia now appeals this decree, but did not file a bond or other security to supersede it. *See* TEX. R. APP. P. 24 (suspension of enforcement of judgment pending appeal).

---

[3] Claudia has been represented by her spouse L. Bruce Lambert through the trial court proceedings and on appeal.

## ISSUES

In four issues,[4] Claudia contends the trial court erred by rendering the September 15, 2022 "Decree Confirming Sale of Real Property." In her first two issues, Claudia argues the trial court erred by failing to apply Chapter 23A in partitioning the property. She argues that she was deprived of statutory and constitutional rights, including the first option right under Chapter 23A to buy out her siblings' interests and the constitutional right of due process. *See* TEX. PROP. CODE ANN. § 23A.007 (cotenant buyout).

In her third issue, Claudia contends the trial court erred by permitting a partition sale less than one year after letters of administration were granted, in violation of Estates Code § 360.001(a). In her fourth issue, Claudia complains that the trial court erred by approving and confirming the sale of the property because there was insufficient evidence to support findings that Leffingwell's appointment and the property's sale were in the estate's best interest.[5] Claudia requests this Court to impose a constructive trust and to set aside and void the conveyance.

---

[4] Claudia's second and third issues are stated identically but she asserts different supporting arguments. Consequently, we summarize the substance of her arguments rather than quoting her statement of the issues. *See* TEX. R. APP. P. 38.1(f) (appellate court will treat statement of the issues "as covering every subsidiary question that is fairly included").

[5] Claudia's fourth issue includes wide-ranging complaints challenging the sale as unnecessary, in violation of statutes governing receivership, and the result of Leffingwell's misconduct. We address these complaints to the extent Claudia has preserved them for our review. TEX. R. APP. P. 33.1 (preservation of complaints for appellate review).

Appellee Leffingwell responds that "the sale of the house renders Claudia's challenge to the decree approving that sale moot,"[6] that Chapter 23A does not apply to the sale, and that "Claudia's repeated opportunities to purchase the property render any error in failing to follow Chapter 23A harmless." Leffingwell also requests her attorney's fees, contending that Claudia's appeal is frivolous.

## DISCUSSION

### A. Timing of application for sale

We first address Claudia's third issue complaining that Leffingwell's application to sell the property was premature. Section 360.001(a) of the Estates Code provides that "[a]t any time after the first anniversary of the date original letters testamentary or of administration are granted, an executor, administrator, heir, or devisee of a decedent's estate, by written application filed in the court in which the estate is pending, may request the partition and distribution of the estate." The trial court granted letters appointing Leffingwell as the Estate's administrator on October 4, 2021,[7] and Leffingwell filed her oath and bond on October 18, 2021.

Leffingwell filed an "Application for Sale of Real Estate and for Authority to Enter Listing Agreement" three months later, on January 7, 2022. The trial court

---

[6] Based on this argument, our original opinion and judgment dismissed Claudia's appeal as moot and, as required by the court in *Alsobrook v. MTGLQ Investors, LP*, 656 S.W.3d 394, 395 (Tex. 2022) (per curiam), vacated the trial court's judgment accordingly. In her motion for rehearing, Leffingwell now argues that we cannot vacate the trial court's judgment approving the sale because the judgment "is required to vest legal title in the purchaser." Accordingly, we address Claudia's issues on the merits. *See Alsobrook*, 656 S.W.3d at 395 ("mootness on appeal requires vacatur of the underlying judgment").

[7] Although this order is designated as "amended," there is no earlier order in the appellate record.

heard the application and Claudia's objections on June 28, 2022, then signed an order granting Leffingwell's motion on July 1, 2022. Leffingwell filed a report of sale on August 30, 2022. After two additional hearings, the trial court signed a decree confirming the sale on September 15, 2022. Claudia now contends Leffingwell's application and the trial court's decree were in violation of § 360.001(a) because a year had not elapsed since the trial court granted letters of administration.

Claudia raised this complaint in an answer to Richard and Cynthia's petition for partition, but only after Richard and Cynthia had nonsuited that petition. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (nonsuit renders the merits of the nonsuited case moot from the moment the motion is filed). Further, Claudia does not provide a record citation showing that she obtained a ruling on her objection that the sale was premature under § 360.001. Although she filed written objections to the proposed sale on September 13, 2022, she complained only that her offer had not been accepted and that the proposed sale price was too low. Nor is there any reference to Estates Code § 360.001 or a premature sale in the reporter's record of the hearing on Leffingwell's report of sale. Accordingly, Claudia failed to preserve her complaint for appellate review. TEX. R. APP. P. 33.1(a). We overrule her third issue.

### B. Property Code Chapter 23A

Claudia's first two issues complain of the trial court's failure to apply property code Chapter 23A, the Uniform Partition of Heirs' Property Act, enacted by the

–7–

Legislature in 2017. *See* TEX. PROP. CODE ANN. §§ 23A.001–.013. Chapter 23A "provides a process by which heirs can either force partition in kind or effectuate the buyout of undivided interests in inherited property." *Grant v. Heo*, No. 07-23-00041-CV, 2023 WL 5340931, at \*2 (Tex. App.—Amarillo Aug. 18, 2023, no pet.) (mem. op.); *In re Estate of Stewart*, No. 04-20-00103-CV, 2021 WL 1987541, at \*9 (Tex. App.—San Antonio May 19, 2021, pet. denied) (mem. op.) (same).[8] A partition suit under the Chapter 23A "involves determination of two key issues: the fair market value of the property and whether the property is susceptible to partition in kind." *In re McClellan Creek Ranch, LLC*, No. 07-19-00135-CV, 2019 WL 2238429, at \*3 (Tex. App.—Amarillo May 23, 2019, no pet.) (mem. op.).

Section 23A.003 provides:

§ 23A.003. Applicability; Relation to Other Law

(a) In an action to partition real property under Chapter 23, the court shall determine whether the property is heirs' property. If the court determines that the property is heirs' property, the property must be partitioned under this chapter unless all of the cotenants otherwise agree in a record.

(b) This chapter supplements Chapter 23 and the Texas Rules of Civil Procedure governing partition of real property. If an action is governed by this chapter, this chapter supersedes provisions of Chapter 23 and

---

[8] The UPHPA was introduced in the Texas Legislature in 2017. The Author/Sponsor's Statement of Intent in the June 22, 2017 Bill Analysis describes the statute's purpose in more detail, explaining that forced partition sales of property owned by tenants-in-common can "yield[ ] far less than the property is worth." S. Research Center, Bill Analysis, S.B. 499, 85th Leg., R.S. (June 22, 2017). To address this problem, the Act "provides for independent appraisal of fair market value (or alternative means of reaching fair market value if all parties agree to that value), permits one co-tenant to buy out the others if they are not the one who requested the partition, and sets out factors to be considered by the court in determining whether to order partition-in-kind of some or all of the property," according to the Bill Analysis. *Id.*

the Texas Rules of Civil Procedure governing partition of real property that are inconsistent with this chapter.

About a year after Richard's Fort Worth suit was transferred to Dallas, Richard and Cynthia filed an "Original Petition for Partition by Sale" in Probate Court No. 2 requesting partition under Chapter 23A. They nonsuited their petition, however, after Leffingwell's appointment. Claudia did not respond or answer the petition until after Richard and Cynthia filed the nonsuit. Accordingly, there was no live pleading requesting partition under Chapter 23A after Richard and Cynthia's nonsuit on January 11, 2022. *See Travelers Ins. Co.*, 315 S.W.3d at 862.

Nonetheless, Claudia argued in three subsequent hearings on Leffingwell's applications for sale that Chapter 23A was the exclusive method for partitioning the property among Webb's heirs. At the hearing on June 28, 2022, the court questioned "whether or not I have to follow the statutory scheme [in Chapter 23A] if there is an administration." The court permitted the parties to file supplemental briefing on the subject. Neither party found any authority on the question.

On this record, we conclude the trial court did not err by continuing to proceed under the Estates Code to consider and grant Leffingwell's application to sell the property, for several reasons. First, both Claudia, in Dallas, and Richard, in Fort Worth, filed applications for letters of administration and to determine heirship. Each requested to be appointed administrator. These competing applications were resolved by the trial court's appointment of Leffingwell as administrator of the estate

in October 2021.[9] In contrast, there was no live pleading requesting relief under Chapter 23A.

Second, there was evidence that Claudia neither offered to purchase the property herself nor permitted prospective buyers to view the property while she was living there. Leffingwell testified[10] at the September 13, 2022 hearing that after the court granted her authority to sign a listing agreement and to list the property for $235,000, she was unable to do so because Claudia "would not consent or sign a tenant agreement to allow a lock box to be put on the property and to allow others to view the property." Accordingly, Leffingwell proceeded to obtain offers "from various investors who were willing to purchase the property [sight] unseen." Claudia's counsel cross-examined Leffingwell on these and other matters, including whether or not Claudia had already made an offer for the property and whether Leffingwell had given her time to do so. Leffingwell testified that she received an email from Claudia's counsel about Claudia's desire to purchase the property. Leffingwell testified that she delayed signing the listing agreement for approximately three weeks to allow Claudia time to make an offer, but Claudia did not do so.

---

[9] Although the trial court's order recites that the matter was heard, the appellate record does not include a reporter's record of a hearing on Leffingwell's appointment.

[10] Although Claudia argues that "no witnesses were sworn and no evidence was admitted" before the trial court approved the sale, the record reflects that Leffingwell testified in narrative form at the September 13, 2022 hearing after counsel for all parties stated they had no objection to her doing so, subject to cross-examination. After Leffingwell's direct testimony, Claudia's counsel conducted cross-examination and the court posed additional questions.

Third, the trial court granted Claudia additional time to prepare and submit an offer to purchase the property before ruling on Leffingwell's application to approve the $195,000 sale, overruling Richard and Cynthia's objection "to a continuation of [Claudia's] attempts to purchase this home." Before making its final ruling confirming the sale, the court reconvened the hearing and determined that Claudia had not made any offer to purchase the property. Accordingly, the relief Claudia contends she would have received under Chapter 23A—the right to purchase Richard's and Cynthia's interests in the property—was afforded to her. For these reasons, we overrule Claudia's first and second issues.

## C. Appointment of administrator and necessity of sale

In her fourth issue, Claudia complains of Leffingwell's appointment and the propriety of the sale. Citing Chapter 64 of the Texas Civil Practice and Remedies Code and related authority, Claudia argues that appointment of a receiver was not warranted and sale of the property was not necessary. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 64.001–64.108 (Chapter 64, Receivership); *In re Estate of Martinez*, No. 01-18-00217-CV, 2019 WL 1442100, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.) (trial court erred by appointing receiver under Chapter 64 where evidence was insufficient to show danger of loss, removal, or material injury to estate property). The trial court, however, appointed Leffingwell as administrator of the estate and approved the property's sale under Chapters 301 and 356 of the Estates Code, not under a Chapter 64 receivership. *See* TEX. EST.

–11–

CODE ANN. Ch. 301 (Application for Letters Testamentary or of Administration); Ch. 356 (Sale of Estate Property). It was within the trial court's discretion to do so. *See, e.g., Pine v. deBlieux*, 360 S.W.3d 45, 47 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (trial court has broad discretion in determining person's suitability to serve as executor or administrator); *U.S. Bank N.A. v. Bentley*, No. 14-19-00324-CV, 2021 WL 1307296, at *3 (Tex. App.—Houston [14th Dist.] Apr. 8, 2021, no pet.) (mem. op.) (court of appeals reviews probate court's action in either confirming or setting aside sale of estate's real property for abuse of discretion).

Leffingwell filed a verified "Application for Sale of Real Estate and for Authority to Enter Listing Agreement" in which she stated that it was necessary and in the Estate's best interest to sell the property to pay expenses and claims against the Estate. After Claudia objected to the application, the trial court heard the matter and signed an order authorizing the sale. As we have discussed, Claudia's objections arose from the trial court's failure to proceed under Chapter 23A, and the trial court did not err by overruling them.

Further, Claudia initiated this lawsuit by requesting administration of the estate and her own appointment as administrator. Richard also sought appointment as administrator. The trial court resolved these competing requests by appointing Leffingwell, "a third-party administrator," based on a finding that "it is in the best interest of Decedent's estate to appoint a neutral, third-party administrator." *See Pine*, 360 S.W. 3d at 47. On appeal, Claudia details complaints about Leffingwell,

citing another lawsuit she has filed against Leffingwell arising from the sale of the property and other matters outside the appellate record. The record does not reflect that Claudia obtained a ruling on these complaints; accordingly, nothing is presented for our review. TEX. R. APP. P. 33.1. For these reasons, we overrule Claudia's fourth issue.

## D. Request for attorney's fees

Leffingwell argues she is entitled to recover her attorney's fees because Claudia's appeal was frivolous. TEX. R. APP. P. 45. "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *See D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). "Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious." *Id.* "[A]n issue's lack of merit does not necessarily equate to bad faith." *Byrd v. Hutton*, No. 05-19-01191-CV, 2020 WL 4013150, at *6 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.).

One of Claudia's primary complaints is the trial court's failure to apply Chapter 23A—a uniform act not adopted in Texas until 2017—to the property's sale. *See* Uniform Partition of Heirs' Property Act, May 19, 2017, 85th Leg., R.S., ch.

–13–

297, § 1, 2017 Tex. Gen. Laws 572 (codified at TEX. PROP. CODE ANN. §§ 23A.001–.13). Although the trial court permitted supplemental briefing on this issue before ruling, the parties did not locate any controlling Texas case law. We conclude Claudia's appeal was not wholly frivolous, and we deny Leffingwell's request for sanctions.

## CONCLUSION

The trial court's September 15, 2022 "Decree Confirming Sale of Real Property" is affirmed.

<table>
<tr><td></td><td>/Maricela Breedlove/</td></tr>
<tr><td>220673f.p05</td><td>MARICELA BREEDLOVE<br>JUSTICE</td></tr>
</table>



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF MARIA
ELENA WEBB, DECEASED,

No. 05-22-00673-CV

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-20-01506-2.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, we **VACATE** our September 15, 2023 judgment.

The trial court's September 15, 2022 Decree Confirming Sale of Real Property is **AFFIRMED**.

It is **ORDERED** that appellee Lisa Leffingwell, Dependent Administrator for the Estate of Maria Elena Webb, Deceased, recover her costs of this appeal from appellant Claudia Elena Johnston.

Judgment entered this 31st day of October, 2023.